# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Colonel Robert Frank, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Henderson, et al.,<br><br>Defendants | Case No.: 2:12-cv-1988-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [Doc. 10]** |

This lawsuit challenges the City of Henderson's February 2010 initiation of criminal charges against two members of the Sun City Anthem Community Association who reported their HOA to the Henderson Police Department for failing to "refund surplus money to individual homeowners." Doc. 1. Plaintiffs allege a § 1983 civil rights claim and various state-law torts against the City of Henderson, its Police Chief Jutta Chambers, and investigating officer Sergeant Jeffrey Farley. They seek to redress their alleged unlawful arrest, false imprisonment, and the emotional experience of being forced to perform a "perp walk" through the Henderson Police Department after Sergeant Farley offered a false affidavit for their arrest. Doc. 1.

Defendants move to dismiss this case, arguing that plaintiffs' state-law claim for malicious prosecution claim is implausible and that all other claims are barred two-year statutes of limitations. Doc. 1. I find that plaintiffs' federal claims *as pled* ripened by February 10, 2010, were time-barred when plaintiffs filed them more than two years later in November 2012, and must be dismissed. To the extent that plaintiffs also intended to plead a federal malicious prosecution claim under § 1983, they failed to do so; if they can plead the facts to support such a claim, they have 20 days leave to amend. In the meantime, as I do not intend to exercise jurisdiction over the pendent state-law claims if no federal claim remains,[1] I deny the rest of the motion to dismiss without prejudice.

---

[1] *See* 28 U.S.C. § 1367(c)(3).

**Background**

Plaintiffs Colonel Robert Frank and Tim Stebbins belonged to the Sun City Anthem Community Association (HOA), a group of homeowners in a planned senior citizen community in Henderson, Nevada. When the HOA's President and Secretary circulated a resolution adopting a tax-planning approach for the accounting of HOA income in 2007—an approach that Frank and Stebbins characterized as unlawful—Frank and Stebbins reported the HOA's action to the Henderson Police Department (HPD). After investigating the claim, HPD Sergeant Jeffrey Farley concluded not only that the HOA had acted lawfully, but that Frank and Stebbins had violated NRS 207.280, which makes it a misdemeanor to falsely reporting a crime; Farley submitted an affidavit for a warrants against Frank and Stebbins.

On February 8, 2010, the Henderson Municipal Court found probable cause to issue the warrants for the arrest, and criminal proceedings commenced against Frank and Stebbins on February 9, 2010. Doc. 18 at 5. On February 10, 2010, they were subjected to a "walk through booking" at the Henderson Detention Center, which plaintiffs characterize as a "perp walk." Doc. 1 at 12.

In January 2011, the IRS demanded the HOA pay more than $1 million in 2007 income taxes. Doc. 1. On March 15, 2012, the special prosecutor assigned to the criminal case against Frank and Stebbins dismissed the charges against them. *Id*. at 13.

On November 16, 2012, Frank and Stebbins sued the City of Henderson, Farley, and HPD Chief Chambers for civil rights violations under 42 U.S.C. § 1983,[2] and under state law theories including malicious prosecution, intentional infliction of emotional distress, defamation, false light, false arrest, and false imprisonment. Doc. 1. They allege that Farley's affidavit was rife with "false and misleading statements" that resulted in the issuance of arrest warrants against them. *Id*. at 8-12. They contend "were unlawfully arrested, falsely imprisoned, and forced to perform a 'perp walk' as a result of Sgt. Farley's false [a]ffidavit and Chief Chambers . . . and [the] HPD's failure to properly

---

[2] The § 1983 claim is pled in the first cause of action. *See* Doc. 1 at 13. Plaintiffs use their second and third "claims" for relief to plead a *Monell* theory and a "supervisory liability" theory for the same alleged § 1983 violation.

2

investigate police reports, and supervise and train its employees and its failure to promulgate and enforce appropriate policing policies concerning the arrest of citizens who file criminal complaints against officers of homeowners associations." *Id*. at 12-13.

Defendants now move to dismiss all claims. They acknowledge that the malicious prosecution claim is timely, but they contend that it is insufficiently pled to withstand Rule 12(b)(6) dismissal. They assert that all other claims are time-barred because they arise out of February 2010 conduct and are subject to a two-year statute of limitations that expired nine months before this action was filed in November 2012. Doc. 10. Plaintiffs argue that their § 1983 claim includes a malicious prosecution theory that did not ripen until charges were dismissed in March 2012, and that theory was pled well within the two-year statute-of-limitation period. Doc. 18 at 9-12. They also contend that all other aspects of their § 1983 claim and their state-law claims should be saved by equitable tolling while the criminal charges were pending. *Id*. at 13, 18.

I find this motion appropriate for disposition without oral argument[3] and that plaintiffs' federal claims are time-barred and must be dismissed. If plaintiffs intended to plead a malicious prosecution theory as part of their § 1983 claim, that intention is not apparent from their complaint.[4] In the interest of fairness, before I exercise my discretion under 28 U.S.C. § 1367(c)(3) to dismiss the remaining state-law claims, I allow plaintiffs 20 days to file an amended complaint to plead a new § 1983 malicious prosecution claim. I deny all remaining aspects of defendants' motion to dismiss without prejudice.

## Discussion

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action, and requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." A district court

---

[3] Nev. L.R. 78-2.

[4] *See* Doc. 1 at 17. They titled their malicious prosecution claim a "pendant **state** tort claim for malicious prosecution." Their § 1983 claim (spread throughout their first though third causes of action) does not mention malicious prosecution, its elements, or offer facts to support such a theory.

3

may dismiss a complaint brought under Rule 8(a) for failing to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court is also "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)). To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).[5]

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).

---

[5] Plaintiffs' complaint alleges elements that depend on, *inter alia*, "issuance of a warrant which relied upon an affidavit comprised of false statements which were made knowingly and intentionally, or with a reckless disregard for the truth by Sgt. Farley." Doc. 1 at 4. When a complaint pleads fraud or mistake, those allegations are judged under Rule 9(b)'s heightened scrutiny. In that case, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). Thus, claims alleging fraud or mistake must meet both the "particularity" standard of Rule 9(b) and the "plausibility" standard of Rule 8(a). *Cafasso*, 637 F.3d at 1055; *WPP Luxembourg Gamma Three Sarl v. Spot Runniner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011). Because I do not reach the substantive merits of plaintiffs' claims in this order, I do not analyze whether Rule 9 applies to, or is satisfied by, Plaintiffs' pleading.

4

**A.      Plaintiffs' § 1983 Claim - Counts 1, 2, 3**

Plaintiffs' § 1983 claim is spread out across their first three causes of action. In these causes of action they allege violations of their First, Fourth, and Fourteenth Amendment rights on three liability theories: direct actions of Farley and Chambers (count 1); *Monell* liability for the HPD based on customs, policies, practices, and procedures (count 2); and Chambers's "supervisory liability" as the "policy maker" for the HPD (count 3). Doc. 1 at 13-17. In essence, they plead a single § 1983 "claim" with various liability theories. They also base this § 1983 claim on a number of different rights-violation themes that include: the right "to petition their government," "to be free from unreasonable seizure," to be "free from unlawful arrest," and to "Due Process." Doc. 1 at 13-14. As all of these theories are factually based on events completed more than two years before Frank and Stebbins filed this lawsuit, the entirety of plaintiffs' § 1983 claim is time-barred and must be dismissed.

**1.      A Two-year Statute of Limitations Period Applies to Plaintiffs' § 1983 Claim**

Because § 1983 specifies no limitations period, we borrow the forum state's residual limitations period for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *Perez v. Sanders*, 869 F.2d 425, 426 (9th Cir. 1989) (interpreting Nevada law). Nevada's residual statute of limitations for personal injury actions is codified at NRS 11.190(4)(e), which provides a two-year period for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." *Id.*; *Perez*, 869 F.2d at 426.[6] Therefore, plaintiffs' § 1983 claims are subject to a two-year statute of limitations.

---

[6] Defendants cite two other sections of the Nevada code. First is NRS 11.190(4)(a), which provides that, "[a]n action against a sheriff . . . upon liability incurred by acting in his or her official capacity and in virtue of his or her office" must be brought within 2 years. Defendants also cite to NRS 11.190(4)(c), which provides that "[a]n action for libel, slander, assault, battery, [or] false imprisonment" must be brought within 2 years. Although I find that NRS 11.190(4)(e) governs plaintiffs' § 1983 claim, as all of these provisions are two-year statutes, I would reach the same result in my analysis if I were to apply these provisions.

## 2.     Plaintiffs' § 1983 Claim is Barred by the Two-year Statute of Limitations

A § 1983 claim accrues when the plaintiff has a "complete cause of action," i.e., when the plaintiff knows or has reasons to know of the injury which forms the basis of his action, and can "file suit and obtain relief."  *Wallace*, 549 U.S. at 388; *see also Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).  "Under federal law, the touchstone for determining the commencement of the limitations period is notice: a cause of actions generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action."  *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991) (internal quotations omitted); *see Kimes v. Stone*, 84 F.3d 1121, 1128-29 (9th Cir. 1996).

Defendants contend that plaintiffs' November 2012 filing of this action missed the two-year statute of limitations on these § 1983 claims by nine months.  Doc. 10 at 5.  They argue that the events underlying this claim commenced November 21, 2009, when plaintiffs lodged their criminal complaint with the HPD and—at best—were completed February 10, 2010, when Frank and Stebbins were booked at the HPD.  *Id*. at 6.  Thus, defendants argue, Frank and Stebbins were aware of all the facts giving rise to their § 1983 claim by February 10, 2010, and their failure to file until two years *and nine months* later on November 16, 2012, bars this claim.

The Ninth Circuit has held that § 1983 claims premised on an unlawful seizure generally accrue at the time the seizure occurs.  *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs.").  Similarly, a claim for First-Amendment retaliation accrues when the plaintiff knows of the retaliatory conduct.  *See Chardon v. Fernandez*, 454 U.S. 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250 (1980); *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) ("First Amendment retaliatory-prosecution claims accrued when [plaintiff] knew or had reason to know of the alleged retaliatory prosecution").

In cases alleging an unlawful arrest where criminal charges were pending, a § 1983 cause of action generally accrues when the plaintiff "appeared before the examining magistrate and was

bound for trial." *Wallace*, 549 U.S. at 391. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 388. Thus, the plaintiff need not wait until the *results* of the trial are known for the cause of action to accrue; instead, the plaintiff is obligated to file so as to alert the future defendants of the need for, *inter alia*, the preservation of evidence. *See id.* at 393.[7] Likewise, "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace*, 549 U.S. at 389. That end arrives upon arraignment. *Id*.

All of plaintiffs' § 1983 theories are grounded in what they characterize as a wrongful arrest and the training, policies, procedures, process, and absence of process leading up to that arrest and their criminal booking the next day. Plaintiffs conveniently omit from their complaint the date of the arrest—February 9, 2010, but the certified record of the Henderson Municipal Court's docket sheet reflects that the arrest warrant was issued on February 9, 2010, the arrest was made on February 10, 2010, and the arraignment occurred on February 24, 2010. Doc. 10-10 at 2-3. And plaintiffs acknowledge in their response to the motion to dismiss that February 10, 2010, was their arrest date. Doc. 18 at 5. I can consider this information without converting this motion to one for summary judgment because its authenticity is not contested and these facts are essential to plaintiffs' complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). This information confirms that the portion of plaintiffs' § 1983 claim challenging the allegedly false warrant, unlawful arrest, and unlawful seizure accrued by February 10, 2010, when Frank and Stebbins were arrested; the First-Amendment retaliatory prosecution claim accrued by February 24, 2010, when the plaintiffs were arraigned on the false-report charge. As plaintiffs were aware of all the facts giving rise to the § 1983 claims they have pled by February 24, 2010, at the latest, the statute of limitations

---

[7] Extra-jurisdictional authorities are unavailing; federal courts in other jurisdictions have applied *Wallace* to claims involving allegedly false affidavits to find that a plaintiff's cause of action accrued at the date when the plaintiff was bound for trial, not the time the plaintiff was ultimately exonerated. *See Rollin v. Cook*, 2010 WL 890153, at *2-*3 (N.D. Cal. Mar. 8, 2010); *Frtiz v. Kern County, California*, 2008 WL 2037754, at *21 (E.D. Cal. May 12, 2008). Courts elsewhere have reasoned that "Plaintiff could have filed suit as soon as he reviewed, following his arrest . . . the affidavit and complaint filed by [the police detective] in support of the search warrant." *Tingley v. Keim*, 2013 WL 1962261, at *3 (S.D. Ill. Mar. 18, 2013); *Bethea v. Plusch*, 2011 WL 5967180, at *2 (D. Vt. Nov. 29, 2011) (finding that where plaintiff was presented with copies of warrant and affidavit at criminal trial, plaintiff had notice of accrual of claim).

on these claims expired two years later on February 24, 2012.  Because plaintiffs did not file their claims until nearly nine months later on November 16, 2012, these claims are time-barred and must be dismissed.

### 3. No Equitable Tolling Is Available

Plaintiffs argue that the accrual period for their claims should be tolled because it was not until the IRS audit of the HOA completed in January 2011 that Frank and Stebbins could prove they were right about their allegations against the HOA and demonstrate that the information in Sergeant Farley's warrant affidavit was false.  Doc. 18 at 14.  Plaintiffs claim (without analysis) that the Ninth Circuit's holding in *Harding v. Galceran*, 889 F.2d 906 (1989), makes it "clear" "that the statute of limitations is tolled as a party is prohibited from bringing a civil action against a peace officer while there are pending state criminal charges." *Id.*  *Harding* affords plaintiffs no relief.  The tolling rule applied in *Harding* was a California Code provision that prevents civil actions against peace officers from being filed while criminal charges against the plaintiff are pending.  *Harding*, 889 F.2d 908.  The § 1983 claim in *Harding* was saved not by some general tolling principle, but by a California state statutory provision that has zero application to plaintiffs here.  *Id*. at 909.

Plaintiffs' reliance on *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), overruled on other grounds in *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), is similarly misplaced.  *Bell* applied equitable tolling after a jury, by special verdict, found that the defendants fraudulently "concealed and distorted key facts" surrounding an allegedly racially motivated shooting by a Milwaukee police officer.  *Bell*, 746 F.2d at 1231, 1254.  There are no allegations in this case that the HPD's concealment or distortion of key facts prevented Frank and Stebbins from learning the basis for their § 1983 claim for any period of time.  Their bald assertion in their response that there was "a pattern of active concealment of exonerating information by Sgt. Farley, Farley's supervision [sic] Cpt. Green, Jutta Chambers and the Henderson Police Department" and that "because the pattern of active concealment by [HPD] means that Plaintiffs' cause of action for false arrest accrued when the findings of the IRS audit were release," Doc. A8 at 14-15, is simply not supported by the facts in the complaint or any salient authority.  Plaintiffs have not alleged any facts that would suggest that post-arraignment concealment of facts prevented them from becoming aware of the facts supporting their

instant claim. And plaintiffs' suggestion that the basis for their claims was not apparent until the IRS audit vindicated their belief that the HOA's accounting approach was flawed greatly overstates the impact of the IRS's conclusions on Farley's affidavit. Plaintiffs do not allege that the falsities in Farley's affidavit became apparent once the IRS issued its decision; rather, they allege that "Farley's false statements were made knowingly and intentionally, or with a reckless disregard for the truth" and they were "willful, malicious and intentional" at the time they were made, and Farley "knew or should have known" of these falsities when he swore out his arrest-warrant affidavit. Doc. 1 at 5-12. If HPD Sergeant Farley knew or should have known of the falsities in his own affidavit in February 2010 and did not have to wait for the IRS to complete its investigation to reveal those falsities, so did the plaintiffs.

*Wallace* cautions that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace*, 549 U.S. at 396. Plaintiffs have not demonstrated that this case justifies that rare remedy. Equitable tolling does not save plaintiffs' § 1983 claim from dismissal. Counts 1, 2, and 3 are dismissed with prejudice.

**B.      Plaintiffs Have Leave to Amend to State a Malicious Prosecution Claim.**

Unlike the § 1983 theories that plaintiffs have pled, a malicious prosecution theory under § 1983 would not have been barred by the two-year statute of limitations because that claim would not have accrued until the charges against plaintiffs were dismissed in March 2012. *See Wallace*, 549 U.S. at 388-89 (noting that a claim for malicious prosecution does not accrue until "the favorable termination of criminal proceedings"). Plaintiffs would have had until March 2014 to plead a § 1983 claim based on a malicious prosecution theory.

Plaintiffs aver that they have alleged a § 1983 claim for malicious prosecution, Doc. 9, but their complaint does not reflect one. Their first through third causes of action are devoid of discussion of malicious prosecution or its elements. Although plaintiffs' fourth claim for relief states a claim for malicious prosecution, its title makes it clear that it is a "***pendant state tort claim*** for malicious prosecution." Doc. 1 at 17 (emphasis added). To the extent that plaintiffs intended to plead a § 1983 claim for malicious prosecution, they failed to do so.

But that does not end the discussion. Although the deadline for amending pleadings has

9

passed, I will permit plaintiffs 20 days to file an amended complaint stating a proper § 1983 claim for malicious prosecution (including all theories of liability that can be supported by the facts). I do not find futility at this point because defendants have not demonstrated that plaintiffs will be unable to plead facts to support such a claim. I emphasize that the only § 1983 claim that plaintiffs have leave to assert in this amended complaint is one for malicious prosecution.[8] And because the deadline to amend pleadings has passed, I will strictly construe this 20-day filing period; extensions will not be permitted absent extraordinary circumstances. Should plaintiffs fail to file a satisfactory amended complaint within 20 days, I will construe it as an affirmative election and strategic choice by plaintiffs to abandon any federal claim for malicious prosecution.

**C.    Plaintiffs' State Law Claims - Counts 4, 5, 6, 7, 8, 9**

Had I not permitted plaintiffs one final opportunity to secure federal jurisdiction by amending their complaint to add a § 1983 claim for malicious prosecution, the absence of federal claims in this case would be clear. And with just state-law claims left, I would have *sua sponte* exercised my discretion to dismiss all remaining state-law claims under 28 U.S.C. § 1367(c)(3).

28 U.S.C. § 1367 provides, "[e]xcept as provided in subsection[] . . . (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(c)(3) allows a federal district court to decline to continue to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). When federal law claims are "eliminated at any early stage of the litigation, the District Court [has] a powerful reason to choose

---

[8] Plaintiffs should be mindful that the amended complaint must be complete in itself without reference to the superseding pleading. L.R. 15-1(a). Any still-viable claims from the original complaint that are not carried forward and reasserted in the amended complaint will be deemed abandoned.

not to continue to exercise jurisdiction." *Id.* at 351.

Because I do not yet know whether there will be a viable federal claim that justifies my retention of jurisdiction in this case, I will reserve consideration of a § 1367(c)(3) dismissal until after plaintiffs have either filed an amended complaint or let the 20-day period expire without amendment. In the meantime, I deny defendants' motion to dismiss plaintiffs' remaining state-law claims without prejudice to defendants' filing of a new motion to dismiss that urges the same (and any additional) arguments. Plaintiffs are cautioned that, should they fail to file a proper amended complaint, the court will dismiss all remaining state-law claims without prejudice under § 1367(c)(3) so that plaintiffs can refile them in Nevada State court. *See* 28 U.S.C. § 1367(d).

**Conclusion**

Accordingly, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 10] is GRANTED in part and DENIED in part**:

1. It is granted as to Counts 1, 2, and 3, which are dismissed with prejudice;

2. It is denied without prejudice as to all remaining claims;

IT IS FURTHER ORDERED that **plaintiffs have 20 days to file an amended complaint to add a properly pled § 1983 claim for malicious prosecution only.** If plaintiffs fail to timely file an amended complaint, any federal malicious prosecution claim will be deemed abandoned and the court will proceed to dismiss all remaining state claims under § 1367(c)(3).

DATED September 8, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

11