**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Colonel Robert Frank, *et al.*, | 2:12-cv-01988-JAD-NJK |
| Plaintiffs | |
| v. | **Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [ECF 40]** |
| City of Henderson, *et al.*, | |
| Defendants | |

After plaintiffs Colonel Robert Frank and Tim Stebbins reported their Homeowners Association (HOA) to the Henderson Police Department for "failure to refund surplus money to individual homeowners," the City of Henderson charged Frank and Stebbins with falsely reporting a crime. When the charges were dismissed two years later, Frank and Stebbins sued the City and investigating officer Sergeant Jeffrey Farley for civil-rights violations, malicious prosecution under state law, and a handful of other state tort theories.[1] On defendants' motion, I dismissed the civil-rights claims as time-barred but gave plaintiffs leave to plead a federal malicious-prosecution claim under 42 U.S.C. § 1983 if they had the facts to support it. I denied without prejudice the motion to dismiss the state-law claims until I could determine whether plaintiffs could plead a viable federal claim to establish subject-matter jurisdiction.[2]

Plaintiffs' timely filed amended complaint contains three claims against the City of Henderson and Sergeant Farley: a claim for intentional infliction of emotional distress, and claims for malicious prosecution under federal and state law.[3] Defendants move to dismiss all claims, arguing that the emotional-distress claim is time-barred and insufficiently pled, and that the malicious-prosecution claims are implausible and barred by issue preclusion because similar

---

[1] ECF 1.

[2] ECF 38.

[3] ECF 39.

arguments were raised during the criminal proceedings.[4]  Plaintiffs concede dismissal of their
emotional-distress claim, so I dismiss it with prejudice.  I also find that plaintiffs have alleged no
facts to support any malicious-prosecution claim against the City, so all claims against the City will
be dismissed.  However, the malicious-prosecution claims against Sergeant Farley will proceed
because plaintiffs have pled enough facts to state plausible malicious-prosecution claims, and
defendants have not persuaded me that these claims are otherwise barred.[5]

## Background

Plaintiffs Colonel Robert Frank and Tim Stebbins belonged to the Sun City Anthem
Community Association (HOA), a group of homeowners in a planned senior citizen community in
Henderson, Nevada.  When the HOA's President and Secretary circulated a resolution adopting a
tax-planning approach for the accounting of HOA income in 2007—an approach that Frank and
Stebbins characterized as unlawful—Frank and Stebbins reported the HOA's action to the
Henderson Police Department.[6]  After investigating the claim, Sergeant Jeffrey Farley concluded not
only that the HOA had acted lawfully but also that Frank and Stebbins had violated NRS 207.280,
which makes it a misdemeanor to falsely report a crime.  Farley then submitted an affidavit for a
warrant.[7]

On February 8, 2010, the Henderson Municipal Court found probable cause to issue warrants
for Frank and Stebbins's arrests.  Criminal proceedings commenced against them the next day.  Two
days later they were subjected to a "walk through booking" at the Henderson Detention Center,
which plaintiffs characterize as a "perp walk."[8]

In January 2011, the IRS settled with the HOA "over the misconduct of which Plaintiffs

---

[4] ECF 40.

[5] I find this matter suitable for disposition without oral argument.  Nev. L.R. 78–2.

[6] ECF 44 at 3–4.

[7] *Id.* at 85.  If Farley made out an affidavit seeking a warrant against Stebbins, it has not been
provided.  Farley's affidavit, however, repeatedly refers to Stebbins.

[8] ECF 39 at 12.

1    reported."[9]  As a result of the settlement, the HOA was required to pay the IRS more than

2    $100,000.[10]  On March 15, 2012, the special prosecutor assigned to the criminal case against Frank

3    and Stebbins dismissed the charges against them.

4         Eight months later, Frank and Stebbins sued the City of Henderson, Farley, and Chief Jutta

5    Chambers for civil-rights violations under 42 USC § 1983 and other state-law theories including

6    malicious prosecution, intentional infliction of emotional distress, defamation, false light, false

7    arrest, and false imprisonment.[11]  Defendants moved to dismiss, arguing that all of plaintiffs' claims

8    were either time-barred or insufficiently plead.[12]  In their briefing, plaintiffs suggested that their §

9    1983 claim included a malicious-prosecution theory, which did not accrue until the charges against

10   them were dropped.  I found that plaintiffs' intention to include a federal malicious prosecution

11   claim was not sufficiently clear in their complaint and gave them leave to file an amended complaint

12   to plead a new § 1983 malicious prosecution claim.[13]  I denied without prejudice the request to

13   dismiss plaintiffs' state-law claims until after I could determine whether plaintiffs could plead a

14   federal claim that would give me subject-matter jurisdiction over this case.[14]

15        Plaintiffs duly filed an amended complaint in which they allege three claims: (1) malicious

16   prosecution under 42 USC § 1983, (2) malicious prosecution under Nevada law, and (3) intentional

17   infliction of emotional distress.  Defendants move to dismiss all claims or, alternatively, for

18

19

20

21

---

22   [9] *Id.* at 13.

23   [10] *Id.*

24   [11] ECF 1.

25   [12] ECF 10.

26   [13] ECF 38 at 3.

27   [14] *Id.* at 9.

28

1    summary judgment.[15]  Plaintiffs concede the dismissal of their emotional-distress claim.[16]  I thus

2    consider only defendants' arguments that plaintiffs' malicious-prosecution claims are (1)

3    insufficiently pled, (2) barred by the doctrine of issue preclusion, and (3) precluded because plaintiffs

4    failed to present these claims to the City within six months of ripening, as required by NRS

5    268.020(1).

6                                        **Discussion**

7    **A.     Motion to Dismiss Standards**

8            Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain

9    statement of the claim showing that the pleader is entitled to relief."[17]  While Rule 8 does not require

10   detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to

11   relief that is plausible on its face."[18]  This "demands more than an unadorned, the-defendant-

12   unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative

13   level."[19]  In other words, a complaint must make direct or inferential allegations about "all the

14   material elements necessary to sustain recovery under *some* viable legal theory."[20]

15           District courts employ a two-step approach to evaluate a complaint's sufficiency on a Rule

16   12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the

17

18

---

19   [15] ECF 40.

20   [16] ECF 44 at2 ("Plaintiffs are amenable to withdrawing their cause-of-action for Intentional Infliction
21   of Emotional Distress ("IIED") and claim for punitive damages.  Accordingly, this Opposition will
     address Henderson's arguments concerning Plaintiff's [sic] claims for Malicious Prosecution under
22   42 USC § 1983 and Plaintiff's claim for Malicious Prosecution under Nevada law.").

23   [17] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*,
24   556 U.S. 662, 678–79 (2009).

25   [18] *Twombly*, 550 U.S. at 570.

26   [19] *Iqbal*, 556 U.S. at 678.

27   [20] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106
28   (7th Cir. 1989)) (emphasis in original).

1    complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[21]  Mere

2    recitals of a claim's elements, supported only by conclusory statements, are insufficient.[22]  Second,

3    the court must consider whether the well-pled factual allegations state a plausible claim for relief.[23]

4    A claim is facially plausible when the complaint alleges facts that allow the court to draw a

5    reasonable inference that the defendant is liable for the alleged misconduct.[24]  A complaint that does

6    not permit the court to infer more than the mere possibility of misconduct has "alleged—but not

7    shown—that the pleader is entitled to relief," and it must be dismissed.[25]

8    **B.**  **Evidence Outside the Pleadings**

9         "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in

10   the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[26]  A

11   court should not consider other extrinsic evidence without converting the motion to dismiss into one

12   for summary judgment and giving the non-movant an opportunity to properly respond.[27]  The Ninth

13   Circuit has recognized two narrow exceptions to this rule in order to prevent plaintiffs from avoiding

14   dismissal "by deliberately omitting references to documents upon which their claims are based."[28]  A

15   court may consider documents on a motion to dismiss without converting the motion into one for

16   summary judgment (1) that the complaint necessarily relies upon and (2) if "the contents of the

17   document are alleged in the complaint, the document's authenticity is not in question," and the

18

19

---

20   [21] *Iqbal*, 556 U.S. at 678–79.

21   [22] *Id*.

22   [23] *Id*. at 679.

23   [24] *Id*.

24

25   [25] *Twombly*, 550 U.S. at 570.

26   [26] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

27   [27] *See, e.g., United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

28   [28] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*rev'd by statute on other grounds*).

document's relevance is not disputed.[29]  A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute."[30]

Defendants attached a stack of documents to their motion, including the Farley affidavit and various state court filings from plaintiffs' criminal prosecution.[31]  I consider the affidavit because plaintiffs extensively rely on it in their complaint, its authenticity is not in question, and its relevance is not in dispute.[32]  I also take judicial notice of the state court documents relating to plaintiffs' criminal prosecution.[33]  I decline to consider all other exhibits to defendants' motion, however, because I choose not to convert this motion to dismiss into one for summary judgment.

**C.  Plaintiffs' emotional-distress claim is dismissed and their punitive-damages prayers are stricken because they have been expressly abandoned.**

In the face of defendants' argument that their intentional-infliction-of-emotional-distress claim is time-barred because it was not brought within two years of ripening, plaintiffs offer no opposition.  The same goes for defendants' challenge to plaintiffs' prayer for punitive damages.  Indeed, plaintiffs state they are "amenable to withdrawing" their emotional-distress claim and their prayer for punitive damages.[34]  I deem this argument plaintiffs' acknowledgment that their third cause of action should be dismissed as time-barred and that their prayers for punitive damages are legally unsupported.  I thus grant the motion to dismiss plaintiffs' emotional-distress claim and

---

[29] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[30] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994);  FED. R. EVID. 201(a)–(f).

[31] ECF 40 at 82–85.

[32] Plaintiffs devote the majority of the their 17-page complaint to statements made in the Farley affidavit.

[33] ECF 40 at 40–46 (arrest warrants); *id.* at 51–58 (motion to dismiss criminal complaint); *id.* at 70–80 (City's opposition to motion to dismiss); *id.* at 90–95 (Frank's reply); *id.* at 125–28 (Stebbins's reply); *id.* at 146–49 (voluntary dismissal of charges); *id.* at 134–44 (docket report).  I find that these documents are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b).

[34] ECF 44 at 2.

1  strike[35] their punitive damages prayers.

2  **D.    Plaintiffs have pled enough facts to state a plausible malicious-prosecution claim under**
   **federal and state law against Sgt. Farley and a state-law malicious-prosecution claim**
3  **against the City.**

4        With the emotional distress claim dismissed, I now turn to plaintiffs' federal and state claims

5  for malicious prosecution.  Defendants argue that plaintiffs have failed to state a plausible malicious-

6  prosecution claim against any defendant under either federal or state law.  To plead a claim for

7  malicious prosecution under Nevada law, plaintiffs must allege facts from which the court may infer:

8  (1) that defendants lacked probable cause to initiate the prosecution, (2) malice, (3) the prior criminal

9  proceedings were terminated in their favor, and (4) the plaintiffs suffered damages.[36]  A claim for

10  malicious prosecution under § 1983 requires plaintiffs to allege these elements plus the additional

11  element that defendants prosecuted them "for the purpose of denying [them] equal protection or

12  another specific constitutional right."[37]

13        A plaintiff may bring a malicious prosecution claim not only against the prosecutor but also

14  against police officers and investigators who were instrumental in causing his prosecution.[38]

15  Although the filing of a criminal complaint is generally presumed to be the prosecutor's independent

16  decision, the Ninth Circuit has recognized that local law-enforcement officers may bear § 1983

17  liability when they knowingly provide misinformation to the prosecutor, conceal exculpatory

18  evidence, "or otherwise engage[] in wrongful or bad faith conduct that was actively instrumental in

19  causing the initiation of legal proceedings."[39]

20        Plaintiffs have pled enough facts to defeat defendants' Rule 12(b)(6) sufficiency-of-the-

21  _____

22  [35] The court dismisses claims but strikes impertinent allegations.  Plaintiffs' punitive damages
   allegations and prayer are not a "claim" but merely impertinent allegations and a request for a
23  remedy.  *See Rivercard, LLC v. Post Oak Prod. Inc.*, 2013 WL 1908315, * 5 (D. Nev. May 5, 2013)
   (clarifying that punitive damages is a remedy and not a claim).
24

25  [36] *LaMantia v. Redisi*, 38 P.3d 877, 888 (Nev. 2002) (internal citation omitted).

26  [37] *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal citations omitted).

27  [38] *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).

28  [39] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

pleadings challenge by Farley.  They allege specific, detailed false statements that Farley made to procure their prosecution without probable cause.[40]  They recite that the criminal proceeding terminated in their favor "and that defendants "maliciously retaliated against [them] for petitioning their government about their government in violation of [their] First Amendment rights."[41]  They also identify several portions of the Farley affidavit they believe to be false.  For instance, plaintiffs allege Farley averred that the board had in fact returned the excess funds to home owners—in contradiction of plaintiffs' reports—when he knew, or should have known, that this was not true.[42]  Plaintiffs  have stated a plausible claim for relief sufficient to survive a motion to dismiss under both § 1983 and Nevada law against Farley.

Plaintiffs have also sufficiently alleged a state-law–based malicious-prosecution claim against the City.  The City may be held vicariously liable for Farley's acts under state law under a respondeat superior theory for the employee's acts occurring within the course and scope of employment.[43]  Plaintiffs have alleged facts that permit the inference that Farley was acting within the course and scope of his employment with the City when he engaged in the challenged conduct.[44]  Thus, plaintiffs have pled sufficient facts to survive the City's 12(b)(6) sufficiency-of-the-allegations challenge to this state-law claim.

But plaintiffs have not pled a plausible malicious-prosecution claim against the City under § 1983.  There is no respondeat superior liability for § 1983 violations.[45]  To plead a § 1983 claim against a local government, a plaintiff must plead facts to satisfy the three-part test established by the United States Supreme Court in *Monell v. Department of Social Services*, which requires that:

---

[40] ECF 39 at 5–12.

[41] ECF 39 at 14.

[42] *Id.* at 6.

[43] *ASAP Storage, Inc. v. City of Sparks*, 173 P.3d 734, 737 (2007).

[44] *See* ECF 39 at 2, 4, 14.

[45] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692 (1978).

> (1) the official(s) must have violated the plaintiff's constitutional rights; (2) the violation must be a part of policy or custom and may not be an isolated incident; and (3) there must be a direct causal connection between the municipal policy and the alleged deprivation.[46]

It is not enough for a plaintiff to offer the conclusory allegation that his alleged constitutional violation was the result of a municipal policy or procedure. "The Supreme Court has 'required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'"[47] "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee."[48] "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom."[49]

The only municipal-liability hook plaintiffs offer for their § 1983 claim against the City is a handful of conclusory allegations that the City and its police department acted with deliberate indifference, gross negligence, and reckless disregard for plaintiffs' safety, all under City policies and practices, and that the City failed to properly supervise and train its law-enforcement employees.[50] Plaintiffs offer no facts to show the existence of any such City policy, established procedure, or longstanding practice, nor have they demonstrated the failure to train City employees, or a policy or practice of condoning and encouraging constitutional violations. At best they suggest that the failure to discipline Farley demonstrates a policy or practice of failing to adequately discipline employees for rights violations.[51] But allegations that the City failed to train a single

---

[46] *Id.* at 690–92.

[47] *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011) (quoting *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997)).

[48] *McDade v. W.*, 223 F.3d 1135, 1141 (9th Cir. 2000).

[49] *Id.* (quoting *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1444 (9th Cir. 1989)).

[50] ECF 39 at 3–4, 13; *see also Twombly*, 550 U.S. at 555 (noting that, on a motion to dismiss a court is not bound to accept as true a legal conclusions couched as a factual allegations).

[51] *Id.* at 4.

1 officer[52] or failed once to discipline an officer[53] are insufficient to establish municipal liability under

2 *Monell*. And "[a] plaintiff cannot demonstrate the existence of a municipal policy or custom based

3 solely on a single occurrence of unconstitutional action by a non-policymaking employee."[54]

4       In short, plaintiffs have not alleged sufficient facts to plead a federal malicious-prosecution

5 claim against the City but they have stated one against Farley. Plaintiffs were already given leave to

6 try to plead a malicious-prosecution claim against the City under § 1983 and have failed to do so.

7 From this I conclude that they lack the facts necessary to state a *Monell* claim against the city on this

8 theory and that a second chance to amend would not cure this fatal defect. Accordingly, the federal

9 malicious-prosecution claim against the City is dismissed with prejudice and without leave to amend

10 because I conclude that further leave would be futile. Plaintiffs' state-law–based malicious-

11 prosecution claim also survives against both defendants.

12 **E.**     **Plaintiffs' claims are not barred by issue preclusion.**

13       These remaining claims are not barred by the doctrine of issue preclusion. Federal courts

14 must give "preclusive effect to state-court judgments whenever the courts of the [s]tate from which

15 the judgments emerged would do so."[55] In Nevada, a litigant is barred from re-litigating an issue if:

16 "(1) the issue decided in the prior litigation [is] identical to the issue presented in the current action;

17 (2) the initial ruling [was] on the merits and [has] become final; (3) the party against whom the

18 judgment is asserted [was] a party or in privity with a party to the prior litigation; and (4) the issue

19 was actually and necessarily litigated."[56] Courts applying this doctrine in the malcious-prosecution

20 context have noted that "[w]hen an individual has a full and fair opportunity to challenge a probable

21

22    [52] *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

23    [53] *See, e.g., Peschel v. City of Missoula*, 686 F. Supp. 2d 1107, 1124 (D. Mont. 2009) (applying
24 *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996), holding modified on other grounds by *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001), and citing *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir.
25 2003) cert. granted, judgment vacated on other grounds, 543 U.S. 194 (2004)).

26    [54] *McDade,* 223 F.3d at 1141.

27    [55] *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

28    [56] *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

1  cause determination during the course of the prior proceedings, he may be barred from relitigating

2  the issue in a subsequent § 1983 claim."[57]  But "collateral estoppel[58] does not apply when the

3  decision to hold a defendant to answer was made on the basis of fabricated evidence presented at the

4  preliminary hearing or as the result of other wrongful conduct by state or local officials."[59]

5      Defendants argue that plaintiffs are collaterally estopped from bringing their malicious-

6  prosecution claims because the issue of probable cause was litigated in state court during their

7  criminal case when that court denied their motion to dismiss.[60]  Although Stebbins and Frank

8  challenged the Farley affidavit in their criminal proceedings, there is no indication in the record that

9  the municipal court considered and rejected their contentions such that issue preclusion should bar

10  their malicious-prosecution claims.  The cases against them were dismissed not as the result of a

11  decision by the court, but upon the voluntary dismissal of the special prosecutors without prejudice

12  under NRS 174.085(5)(b).[61]  As a result, I cannot conclude that the issues that underpin plaintiffs'

13  malicious-prosecution claims were actually and necessarily litigated in plaintiffs' criminal action.

14  The motion to dismiss these claims on issue-preclusion grounds is denied.

15  **F.    Plaintiffs' remaining claims are not barred by NRS 268.020(1).**

16      Finally, defendants argue that plaintiffs' malicious-prosecution claim against the City must be

17  dismissed because plaintiffs did not give the City notice of this claim within six months after it

18  ripened.  NRS 268.020(1) provides that "[a]ll demands and accounts against any incorporated city in

19  this state, must be presented to the city council of the city, in writing, within 6 months from the same

20

21  [57] *Awabdy,* 368 F.3d at 1068 (*citing Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994)).

22  [58] *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 133 (Nev. 2000) (noting that
23  issue preclusion and collateral estoppel are "interchangeable terms" in Nevada's jurisprudence).

24  [59] *Id.* (internal citations omitted).

25  [60] ECF 40 at 16.

26  [61] ECF 40 at 146–148.  NRS 174.085(5)(b) authorizes the prosecuting attorney to voluntarily dismiss
27  a complaint "without prejudice to the right to file another complaint, unless the State of Nevada has
    previously filed a complaint against the defendant which was dismissed at the request of the
28  prosecuting attorney."

1    time the demands or accounts became due." In effect, this claim-presentment statute acts as a six-

2    month statute of limitations for tort claims against a municipality, when the same tort claims against

3    non-governmental entities would enjoy a two-year statute of limitations. In *Turner v. Staggs*, the

4    Nevada Supreme Court found unconstitutional an almost identical claim-presentment statute

5    involving tort claims against governmental entities.[62] The *Turner* court reasoned that applying the

6    six-month statute "to governmental torts den[ied] equal protection guaranteed by the United States

7    Constitution" and served as "a trap for the unwary."[63] The court concluded, "The statutory

8    provisions of this state [that] provide that no person shall sue a governmental entity of this state for a

9    demand arising out of governmental tort unless he first presents a claim within 6 months from the

10    time such tort occurred are void and of no effect."[64] In light of the *Turner* court's invalidation of

11    Nevada's six-month claim-presentment statutes for governmental torts, it does not appear that the

12    Nevada Supreme Court would bar the plaintiffs's malicious-prosecution claim against the City, so

13    neither will I.

**Conclusion**

15       Accordingly, it is HEREBY ORDERED that defendants' Motion to Dismiss **[Doc. 40] is**

16    **GRANTED in part and DENIED in part:**

     1.     Plaintiffs' federal malicious-prosecution claim (First Cause of Action) against the

           City is DISMISSED with prejudice; the claim may proceed against Sgt. Farley;

     2.     Plaintiffs' state malicious-prosecution claim (Second Cause of Action) may proceed

           against both the City and Sgt. Farley;

     3.     Plaintiffs' intentional infliction of emotional distress claim (Third Cause of Action) is

           DISMISSED in its entirety and with prejudice; and

---

[62] *Turner v. Staggs*, 510 P.2d 879 (Nev. 1973) (construing Nev. Rev. Stat. §§ 244.245, 244.250); *see also L-M Architects, Inc. v. City of Sparks*, 683 P.2d 11, 12 (Nev. 1984) (reaffirming *Turner* but declining to extend it to contract claims). The Nevada cases defendants rely on all predate *Turner* or apply Idaho law. *See* ECF 40 at 20–21.

[63] *Turner*, 510 P.2d at 882.

[64] *Id.* at 883.

4.      Plaintiffs' punitive damages allegations and prayer are STRICKEN.

Dated this 21st day of September, 2015

_____
Jennifer A. Dorsey
United States District Judge